UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-1459 DSF (JTLx) | Date | 7/2/12 |
|---|---|---|---|
| Title | Mancini, et al. v. Ticketmaster Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order GRANTING in Part and DENYING in Part Defendants' Motion for Judgment on the Pleadings (Docket No. 402)

  Defendants seek judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to all of the claims in the First Amended Complaint (FAC), except the claim under the Electronic Fund Transfers Act (EFTA), 15 U.S.C. § 1693 *et seq.* (Docket No. 402.) For the reasons stated below, Defendants' motion is DENIED.

  Defendants argue that in a line of cases following <u>In re VistaPrint Corp. Mktg. and Sales Practices Litig.</u>, 2009 WL 2884727 (S.D. Tex. Aug. 31, 2009), district courts have held that websites with click-through, enrollment options that are virtually identical to the one at issue in this case are not deceptive as a matter of law. These courts rely on the facts that (1) the customer is required to take affirmative steps to accept the enrollment offer, and (2) the relevant disclosures are provided on the website (albeit in tiny font, or in a confusing array with other distracting material). <u>See, e.g.</u>, <u>Baxter v. Intelius, Inc.</u>, 2010 WL 3791487, at *3-5 (C.D. Cal. Sept. 16, 2010).

  The Court concludes that the deceptiveness of Defendants' website design and content is a factual issue that is inappropriate for determination at this stage in the litigation. <u>See</u> <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008) (stating that granting a motion to dismiss on the basis that a practice is not deceptive as a matter of law will only occur in "rare situation[s]").[1]

---

[1] The Court agrees with Plaintiffs that this motion would be more properly treated as a motion for summary judgment. The Court declines to treat it as such. Defendants may file such a motion - if they deem it appropriate - at another time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

  The Court also rejects Defendants' request, in the alternative, to dismiss Plaintiffs' claim under California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1770 *et seq.* The Entertainment Rewards program clearly qualifies as a "service" under the CLRA. See Cal. Civ. Code § 1761(b) (defining "services" to include "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods"). Similarly, Defendants provided services in conjunction with Plaintiffs' ticket purchases – e.g., reserving the tickets and processing the payment. Although many of the violations enumerated in Civil Code § 1770(a) admittedly do not seem to fit the allegations in the FAC, the allegations render it at least plausible that Plaintiffs can prevail under § 1770(a)(14). Subsection 14 provides that it is unlawful to "[r]epresent[] that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." The FAC alleges that the deceptive nature of Defendants' websites caused Plaintiffs to believe that they were completing a ticket purchase without being subjected to any additional fee. (See, e.g., FAC ¶¶ 30, 60.) Plaintiffs have sufficiently stated a CLRA claim. See Diacakis v. Comcast Corp., 2012 WL 43649, at *1-5 (N.D. Cal. Jan. 9, 2012) (concluding that the plaintiff stated a legitimate claim under § 1770(a)(14) where he alleged that he was mislead by written representations about a cable package to believe that he was purchasing a specific package without any additional charge, and dismissing with leave to amend only because the claim was not plead with sufficient specificity). Again, judgment on the pleadings is not the appropriate procedure for resolving this issue.

  The motion is DENIED.

  IT IS SO ORDERED.