## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement is entered into this 18th day of January, 2013, between Plaintiffs and Defendants, as defined herein.

**I.    RECITALS**

1.1.    This Litigation commenced on January 26, 2007, when a complaint was filed against Defendants in the Superior Court of California, County of Los Angeles, Case No. BC365298.  Defendants removed that action, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), *et seq*., to the United States District Court for the Central District of California.  Subsequently, additional actions, complaints and amended complaints were filed, all of which have been related to and/or part of the Litigation.

1.2.    In the Litigation, Plaintiffs allege that Defendants enrolled customers on Ticketmaster's website into EPI's "Entertainment Rewards" program through a process that was likely to deceive reasonable consumers.  In particular, Plaintiffs allege that the enrollment process failed adequately to disclose that customers were being enrolled in an online coupon service offered by a different company and that they would be charged a monthly fee for that service on the charge card they had used on Ticketmaster's website.  Plaintiffs further allege that the vast majority of enrollees who were charged for the Entertainment Rewards program did not use the program or otherwise benefit from it.  Excluding customers who have previously obtained a full refund, Plaintiffs allege that there are approximately 1,120,000 such customers and that the total paid by these customers (net of partial refunds) for membership in the program was approximately $85 million.  Plaintiffs plead the following statutory and common-law claims: violations of California's Unfair Competition Law ("UCL"), California Business and

Professions Code § 17200 *et seq.*; violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*; fraud, deceit and/or misrepresentation; conversion; breach of the implied covenant of good faith and fair dealing; and violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*.

   1.3. Plaintiffs sought class certification on the UCL, CLRA, EFTA and fraud claims in the first-filed action in the Litigation (the "*Mancini* action"). The District Court certified a class on the EFTA claim for statutory damages but denied certification on the other claims. The District Court also dismissed the claims for damages under the CLRA. Plaintiffs appealed those rulings to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed in part, reversed in part and remanded for further proceedings. On remand, Defendants moved for judgment on the pleadings on all claims other than the EFTA claim; the Court denied the motion. Plaintiffs renewed their motion to certify classes on the UCL, CLRA, EFTA and fraud claims, including claims for restitution and actual damages; that motion remains pending.

   1.4. Defendants deny all of Plaintiffs' allegations and charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also deny that Plaintiffs, the Settlement Class, or any member of the Settlement Class has suffered damage or harm by reason of any alleged conduct, statement, act or omission of Defendants. Defendants further deny that the Litigation meets the requisites for certification as a class action under Rule 23 of the Federal Rules of Civil Procedure, except for purposes of settlement, or that the evidence is sufficient to support a finding of liability on any of Plaintiffs' claims in the Litigation.

1.5.     Plaintiffs' Counsel conducted a thorough examination and investigation of the facts and law relating to the matters in the Litigation, including but not limited to engaging in intensive fact and expert discovery, both formal and informal, including:  examining Defendants' documents; deposing Defendants' persons most knowledgeable, pursuant to Federal Rule of Civil Procedure 30(b)(6); and requesting and receiving written discovery responses from Defendants.  Plaintiffs also obtained documents from non-parties to the Litigation.

1.6.     Since the filing of the Litigation, the Parties have engaged in several rounds of settlement discussions.  On October 18, 2012, the Parties participated in an all-day mediation conducted by Antonio Piazza of Mediated Negotiations in San Francisco, California. That mediation resulted in the settlement memorialized in this Agreement.

1.7.     The undersigned Parties agree, subject to approval by the Court, that the Litigation between Plaintiffs on the one hand and Defendants on the other hand shall be fully and finally compromised, settled and released on the terms and conditions set forth in this Agreement.

1.8.     Plaintiffs' Counsel has analyzed and evaluated the merits of all Parties' contentions and this settlement as it impacts upon all Parties and the Settlement Class Members. Among the risks of continued litigation for Plaintiffs are the risks of not prevailing on the pending motion to certify a class and of failing to prove liability or restitution and damages on a class-wide or individual basis.  In particular, there may be difficulties establishing: (1) that the enrollment process was likely to deceive reasonable persons; (2) that alleged misrepresentations and omissions were material to reasonable persons; (3) that common questions predominate over individual issues such that a class may be certified on some or all claims; and (4) that damages or restitution should be awarded or, if so, that the award should exceed the cost of one month of

Entertainment Rewards program membership (typically $9). Plaintiffs and Plaintiffs' Counsel, after taking into account the foregoing along with other risks and the costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Litigation and the prompt provision of effective relief to the Settlement Class are in the best interest of the Settlement Class Members.

1.9.    Defendants, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, consider it desirable to resolve the Litigation on the terms stated herein, in order to avoid further burden, expense, inconvenience, and interference with their ongoing business operations. Therefore, Defendants have determined that settlement of this Litigation on the terms set forth herein is in their best interests.

1.10.    This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Litigation, or of any fault on the part of Defendants, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this settlement, subject to Court approval, under the following terms and conditions:

## II.    DEFINITIONS

Capitalized terms in this agreement shall be defined as follows:

2.1.    "Agreement" means this Class Action Settlement Agreement, including all exhibits thereto.

2.2.    "Claim Administrator" means an independent administrator agreed upon by the Parties and approved by the Court.

2.3.    "Claim Form" means a form in substantially the same form as Exhibit A.

2.4.    "Claim Period" means the period beginning on the Notice Date and continuing until thirty (30) days after Final Approval.

2.5.    "Class Period" means the period from September 27, 2004 to June 9, 2009, inclusive.

2.6.    "Class Representatives" means Julie Johnson and Taylor Myers.

2.7.    "Court" means the Honorable Judge Dale Fischer of the United States District Court for the Central District of California.

2.8.    "Defendants" means Ticketmaster and Ticketmaster L.L.C. (collectively, "Ticketmaster"); Entertainment Publications, Inc. ("EPI"); and IAC/InterActiveCorp ("IAC").

2.9.    " Defendants' Counsel" means the law firm of Manatt Phelps & Phillips, LLP.

2.10.    "Defendants' Websites" means the "FAQ" page of the internet website located at http://www.ticketmaster.com and the "Home" page of the internet website located at http://www.entertainmentrewardsclub.com.

2.11.    "Effective Date" means the later of:  (i) the expiration date of the time for filing a notice of appeal from the Final Approval or (ii) if a notice of appeal is filed, but the Final Approval is affirmed or the appeal is dismissed, the date upon which the mandate of the Court of Appeals is issued.

2.12.    "Email Notice" means a notice by email in substantially the same form as Exhibit B2.

2.13.    "Excluded Persons" means (1) the Honorable Judge Dale Fischer and any member of her immediate family; (2) Antonio Piazza and any member of his immediate family; (3) any government entity; (4) any of the Released Parties; and (5) any persons who timely opt out of the Settlement Class.

2.14.    "Final Approval" means entry of a judgment, substantially in the form of Exhibit D, granting final approval of this Agreement as binding upon the Parties, which shall constitute a judgment respecting the Litigation.

2.15.    "Litigation" means *Mancini et al. v. Ticketmaster et al.*, United States District Court for the Central District of California, Case No. CV-07-01459 DSF, and *Johnson et al. v. Ticketmaster et al.,* United States District Court for the Central District of California, Case No. CV-08-07509 DSF, collectively.

2.16.    "Long Form Notice" means a notice in substantially the same form as Exhibit B1.

2.17.    "Notice Date" means the day on which the Claim Administrator initiates the Email Notice.

2.18.    "Parties" means Plaintiffs and Defendants, collectively.

2.19.    "Party" means any one of Plaintiffs or Defendants.

2.20.    "Plaintiffs" means Julie Johnson, John Mancini, Taylor Myers, Robert Reese, and Duke Sanders.

2.21.    "Plaintiffs' Counsel" means the law firms of Gutride Safier LLP and Berns Weiss LLP, collectively.

2.22.    "Postcard Notice" means a notice  in substantially the same form as Exhibit B3.

2.23.    "Preliminary Approval" means issuance of an order, substantially in the form of Exhibit C, granting preliminary approval of the settlement described in this Agreement.

2.24.    "Released Claims" means the claims released as set forth in Sections 8.1 through 8.2 of this Agreement.

2.25.    "Released Parties" means each of the Defendants and their respective present and former subsidiaries, parents, affiliates, divisions, officers, directors, members, managers, shareholders, insurers, employees, agents, legal representatives, heirs, predecessors, successors, or assigns.

2.26.    "Settlement Class" or "Settlement Class Members" means all persons (other than Excluded Persons) who (1) made a purchase on the Ticketmaster.com website between September 27, 2004 and June 9, 2009, using a U.S. billing address, (2) thereupon became enrolled in the "Entertainment Rewards" discount coupon program via a process that included Ticketmaster's transfer of their credit or debit card information to EPI, (3) were subsequently charged for their membership in the Entertainment Rewards program, (4) did not receive a full refund of amounts charged, and (5) as of the date of Preliminary Approval, have not printed any coupon or applied for any cash-back award in connection with the Entertainment Rewards program.

2.27.    "Settlement Website" means the internet website located at www.entertainmentrewardssettlement.com or a different internet address agreed upon by the Parties.

2.28.    "Valid Claim" means a claim submitted in compliance with Part III of this Agreement.

### III.    SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

3.1.    Defendants shall pay Valid Claims submitted by Settlement Class Members; Plaintiffs' attorneys' fees, costs and expenses as awarded by the Court; incentives awarded by the Court to Plaintiffs; and all settlement administration costs (including notice to the Class); provided, however, that Defendants' total liability in connection with this settlement, including for payments to Settlement Class Members, Plaintiffs' attorneys' fees, costs and expenses, incentive awards to Plaintiffs, and settlement administration costs (including notice to the Class), shall not exceed $23 million.

3.2.    Every Settlement Class Member shall have the right to submit a claim for cash refund of amounts that the Settlement Class Member paid for membership in the Entertainment Rewards program that have not already been refunded to the Settlement Class Member by Defendants, up to a maximum refund of $30.  However, in the event that the total value of all Valid Claims, when added to all other amounts paid or payable by Defendants under this Agreement, including for costs of notice, settlement administration, incentive awards, and Plaintiffs' attorneys' fees, costs and expenses, would cause Defendants' total liability to exceed $23 million, then the cash refund amount payable on each Valid Claim shall be reduced pro rata.

3.3.    Claim Forms may be submitted in paper via first class mail or online at the election of the Settlement Class Member.  Claim Forms must be submitted no later than 30 days after Final Approval.  On the Claim Form, the Settlement Class Member must certify all of the following under penalty of perjury:

(a)    The Settlement Class Member's name and address;

(b)    That he/she is a member of the Settlement Class;

(c)    That at the time of enrollment in the Entertainment Rewards program, he or she did not intend to enroll in that program and did not agree to be charged for membership in the program.

3.4.    All Valid Claims shall be paid by the Claim Administrator within sixty (60) days after the Effective Date if there is no appeal that challenges the amounts to be paid to Settlement Class Members.  If there is such an appeal, the Claim Administrator shall commence payments to Settement Class Members within ninety (90) days after Final Approval or thirty (30) days after the Effective Date, whichever is later, and shall complete such payments within one hundred and twenty (120) days after Final Approval or sixty (60) days after the Effective Date, whichever is later.  Claims shall be paid by check mailed to the Settlement Class Member or, at the Settlement Class Member's election, by direct deposit to the bank account provided by the Settlement Class Member.  In the event of an appeal from the Final Approval that challenges, in full or in part, only the award of attorneys' fees, costs and expenses and/or the incentive awards to Plaintiffs and does not challenge any other aspect of the settlement, then for purposes of this Section 3.4, the Effective Date shall be computed under Section 2.11(i) rather than Section 2.11(ii).

3.5.    The Claim Administrator shall be responsible for processing Claim Forms, administering the Settlement Website and opt-out process, and fulfilling Valid Claims, as described herein.

3.6.    All costs and expenses incurred by the Claim Administrator pursuant to this Agreement, including the costs of paying all Valid Claims, shall be borne by Defendants pursuant to their obligations under Section 3.1 of this Agreement.

3.7.    Plaintiffs' Counsel and Defendants' Counsel shall monitor the Claim Administrator's work and upon request shall receive copies from the Claim Administrator of all Claim Form data and any associated documentation provided by Settlement Class Members.  If Defendants dispute the validity of any claim, they shall provide their supporting evidence to the Claim Administrator with copies to Plaintiffs' Counsel.  Should Plaintiffs dispute the rejection of any claim, Plaintiffs' Counsel may contact the claimant for additional information, and counsel for Plaintiffs and Defendants will meet and confer in good faith to attempt to resolve the dispute. Any unresolved disputes between Plaintiffs and Defendants regarding claim administration or the payment of a claim shall be resolved by the Court, unless the Parties mutually agree on another dispute resolution process.  Upon rejection of any claim, the Claim Administrator shall send a letter to the claimant stating the reasons for the rejection.

3.8.    If at the time he or she submits a Claim Form, a Settlement Class Member is still enrolled in the Entertainment Rewards program, Defendants shall terminate the Settlement Class Member's membership and refund any monies collected from said person after the date the Claim Form was submitted.  The obligation set forth in this Section 3.8 shall exist even if the claim is not deemed valid (so long as the claimant qualifies as a Settlement Class Member) or the Effective Date does not occur, and any refund hereunder shall be in addition to any payment to such person for a Valid Claim and shall not be counted towards the limit on Defendants' total liability set forth in Sections 3.1 and 3.2 of this Agreement.

IV.    NOTICE

4.1.    Prior to the Notice Date, the Claim Administrator shall establish the Settlement Website, which shall contain the Email and Long-Form Notices in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked

questions; a Contact Information page that includes the address for the Claim Administrator and addresses and telephone numbers for Defendants' Counsel and Plaintiffs' Counsel; the Agreement; the signed order of Preliminary Approval; the motion papers in support of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which persons may opt out of the Settlement Class; and (when it becomes available) Plaintiffs' application for attorneys' fees, costs and expenses and incentive awards.

4.2.    Not later than ninety-six (96) days before the Final Approval hearing date that is specified in Paragraph 7 of the order granting Preliminary Approval, Defendants shall provide the Claim Administrator with the following information, if available, for each person who according to Defendants' records is a Settlement Class Member:  name, mailing address, email address, enrollment date, first billing date, cancellation date (if any), total amount billed, total amount refunded, and net amount billed (total amount billed less total amount refunded).

4.3.    As soon as reasonably practicable, but not later than seventy-three (73) days before the Final Approval hearing date that is specified in Paragraph 7 of the order granting Preliminary Approval, the Claim Administrator shall send the Email Notice via email to each Settlement Class Member using the information provided.  The Claim Administrator shall resend the Email Notice via email to each Settlement Class Member no more than forty (40) nor less than thirty (30) days prior to the Final Approval hearing date that is specified in Paragraph 7 of the order granting Preliminary Approval.

4.4.    If the initial Email Notice is returned as undeliverable, the Claim Administrator shall send the Postcard Notice via first class mail to the Settlement Class Member's last known billing address based on Defendants' records, as updated through use of

the National Change of Address Database. If the second Email Notice is returned as

undeliverable, there is no obligation to send substitute notice via mail or any other method.

    4.5. Defendants will include the phrase "Click Here For Information On The

Entertainment Rewards Class Action Settlement" on Defendants' Websites; that phrase will link

to the Settlement Website.

    4.6. Within ten (10) days after the execution of this Agreement, either

Defendants or the Claim Administrator shall provide the notices to the appropriate state and

federal officials as required by 28 U.S.C. § 1715, *et seq*.

    4.7. At least seven (7) days prior to the hearing on Final Approval, the Claim

Administrator and Defendants shall certify to the Court that they have complied with the notice

requirements set forth herein.

## V. CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

    5.1. Solely for the purpose of effectuating the settlement set forth in this

Agreement and subject to Court approval, the Parties stipulate that a Settlement Class shall be

certified in accordance with the definition set forth in this Agreement, that the Class

Representatives shall represent the Settlement Class for settlement purposes, and that Plaintiffs'

Counsel shall be appointed as the attorneys for the Settlement Class.

    5.2. In the event that the Court declines to enter the Preliminary Approval

order or to grant Final Approval (or enters any order that increases the cost or burden of the

settlement to Defendants beyond what is set forth in this Agreement), Plaintiffs' Counsel and

Defendants' Counsel shall endeavor, consistent with this Agreement, to resolve any issues

identified by the Court; provided, however, that Defendants shall have the right to terminate this

Agreement (and any obligations thereunder) if such resolution would involve any non-*de*

*minimis* increase in the cost (including, but not limited to, administration cost) or burden of the Agreement to Defendants.

       5.3.    In the event that this Agreement (including the settlement provided for herein) is not finally approved, or is terminated or cancelled or fails to become effective for any reason whatsoever, this conditional class certification, to which the Parties have stipulated solely for the purpose of the settlement of the Litigation, shall be null and void, and the Litigation shall revert to its status as it existed prior to the date of this Agreement.  In such event, neither this Agreement nor any document filed or created in connection with this settlement may be used as an admission or as evidence concerning the appropriateness or inappropriateness of class certification or of any Party's position regarding the meaning and effect of any prior rulings in the Litigation.

## VI.    ATTORNEYS' FEES, COSTS, AND EXPENSES, AND INCENTIVE AWARDS

       6.1.    Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees, costs and expenses not to exceed, in aggregate, $4 million (the "Fee Application").  Each of the Plaintiffs may apply to the Court for an incentive award to compensate them based on legally appropriate factors, which may, in the Court's discretion, include the time and effort undertaken in and risks of pursuing this Litigation, including the risk of liability for the Parties' costs of suit The Court shall have sole discretion as to whether to award an incentive to any Plaintiff and, if so, in what amount.  Plaintiffs understand that they may receive no incentive award and that agreeing to this Settlement is not a condition to applying for an incentive award.

       6.2.    Defendants agree not to oppose or to submit any evidence or argument challenging or undermining the Fee Application or any application by Plaintiffs for incentive awards.  Defendants shall have no obligation to pay incentive awards of more than $5,000 per

Plaintiff.  Defendants further agree, solely for purposes of the Court's consideration of the Fee Application, that the capped-liability settlement structure set forth in Section 3.1 of this Agreement is functionally equivalent to the reverting common fund at issue in *Williams v. MGM Pathe Communications Corp.*, 129 F.3d 1026 (9th Cir. 1997). The attorneys' fees, costs and expenses awarded by the Court pursuant to Section 6.1 shall constitute the sole and total obligation of Defendants to pay attorneys' fees, costs and expenses of any kind to Plaintiffs' Counsel.  The incentives awarded to Plaintiffs by the Court pursuant to Section 6.1 shall constitute the sole and total obligation of Defendants to pay money to any Plaintiff, in connection with the Litigation and this settlement, other than amounts due to any Plaintiff on any Valid Claim submitted pursuant to Part III of this Agreement.  Plaintiffs' Counsel and Plaintiffs agree that the denial of, reduction or downward modification of, or failure to grant any application for attorneys' fees, costs, and expenses or incentive awards shall not constitute grounds for modification or termination of this Agreement, including the settlement and releases provided for herein.

> 6.3.    All attorneys' fees, costs and expenses awarded to Plaintiffs' Counsel by the Court shall be paid by Defendants to Plaintiffs' Counsel within sixty (60) days after the Effective Date if there is no appeal from Final Approval or from the award of attorneys' fees, costs, and/or expenses to Plaintiffs' counsel.  If there is such an appeal, the Claim Administrator shall make such payments within ninety (90) days after Final Approval or thirty (30) days after the Effective Date, whichever is later.

> 6.4.    All Court-approved incentive awards to Plaintiffs shall be paid by Defendants to Plaintiffs within sixty (60) days after the Effective Date if there is no appeal from Final Approval or from the incentive awards.  If there is such an appeal, the Claim Administrator

shall make such payments within ninety (90) days after Final Approval or thirty (30) days after
the Effective Date, whichever is later.

6.5.    Except as set forth in this Agreement, each Party shall bear his, her or its
own fees, costs and expenses.

## VII.    CLASS SETTLEMENT PROCEDURES

7.1.    <u>Settlement Approval</u>.  As soon as practicable after the signing of this
Agreement, Plaintiffs shall move, with the support of Defendants, for a Preliminary Approval
order, substantially in the form of Exhibit C, conditionally certifying the Settlement Class;
preliminarily approving this Agreement and this settlement as fair, just, reasonable and adequate;
approving Class Notice to the Settlement Class Members as described in Part IV above; and
setting a hearing to consider Final Approval of the settlement and any objections thereto.

7.2.    <u>Final Approval Order and Judgment</u>.  At or before the hearing on Final
Approval, Plaintiffs, with the support of Defendants, shall move for entry of an order of Final
Approval, substantially in the form of Exhibit D, granting final approval of this settlement and
adjudging this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement
Class Members who have not excluded themselves from the Settlement Class as provided below;
ordering that the settlement relief be provided as set forth in this Agreement and giving effect to
the releases as set forth in Part VIII, below; and entering judgment in the Litigation.

7.3.    <u>Opt-Outs and Objections</u>.  The Email and Long-Form Notices shall advise
prospective Settlement Class Members of their rights:  (a) to forego the benefits of this
settlement and pursue an individual claim; or (b) to object to this settlement individually or
through counsel.

7.4.    If, within such time as is ordered by the Court and set forth in the Email and Long-Form Notices, any Settlement Class Member wishes to object to the settlement and/or to be heard at the Final Approval hearing, the Settlement Class Member must electronically file with or deliver to the Clerk of the Court a written notice of objection by the deadlines established by the Court and serve the same upon Defendants' Counsel and Plaintiffs' Counsel.  Each such objection must include the name, address and telephone number of the Settlement Class Member; shall provide documents or testimony sufficient to establish membership in the Settlement Class; and shall provide a detailed statement of any objection asserted, including the grounds therefor and reasons, if any, for requesting the opportunity to appear and be heard at the Final Approval hearing.  Failure to include the foregoing information shall constitute grounds for striking an objection.

7.5.    If, within such time as is ordered by the Court and set forth in the Email and Long-Form Notices, any Settlement Class Member wishes to be excluded from this settlement and the Settlement Class, the Settlement Class Member may do so by completing and submitting the online form at the Settlement Website or by mailing a valid request to opt out, as described in the Email and Long Form Notices, to the Claim Administrator.  A Settlement Class Member who elects to opt out of this settlement and the Settlement Class shall not be permitted to object to this settlement.  The proposed Preliminary Approval order and Email and Long-Form Notices will provide that any Settlement Class Member wishing to object or opt out who fails to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.  At least fourteen (14) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Email and Long-Form Notices described herein, have excluded themselves from the Settlement Class

in a valid and timely manner, and Plaintiffs' Counsel shall file that list with the Court, with service on Defendants' Counsel.

7.6.    <u>Right To Terminate Settlement Agreement</u>.  If more than 12,750 persons submit a timely and valid request to opt out of the Settlement Class, Defendants shall have the unilateral right to terminate this Agreement (and any obligations thereunder).

7.7.    <u>Effect if Settlement Not Approved or Agreement is Terminated</u>.  This Agreement was entered into only for purposes of settlement.  In the event that Preliminary or Final Approval of this settlement and this Agreement does not occur for any reason, including without limitation termination of this Agreement by Defendants pursuant to Sections 5.2 or 7.6, or if Final Approval is reversed on appeal, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Litigation, or in any other proceeding; the Litigation may continue as if the settlement had not occurred; and any order conditionally certifying or approving certification of the Settlement Class shall be vacated.  The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and only for purposes of the Litigation.

## VIII.  RELEASES

8.1.    <u>Release Regarding Plaintiffs and Released Parties</u>.

(a)    Upon Final Approval, Plaintiffs (for purposes of this Section 8.1, Plaintiffs includes Plaintiffs and their predecessors, successors, assigns, personal representatives,

attorneys and members of their families) on the one hand, and the Released Parties on the other hand, shall mutually release and forever discharge each other from and shall be forever barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class, or representative, whether legal, equitable, administrative, direct, indirect, or otherwise, and whether known or unknown, that actually were, or could have been, asserted in the Litigation or that relate in any manner to the Released Parties' products, services or business affairs, based upon or arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise.

(b)     Plaintiffs and Defendants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity.  Plaintiffs and Defendants explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims, was given in exchange for a full accord, satisfaction, and discharge of all such claims.  Consequently, Plaintiffs and Defendants expressly waive all provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law).  **Section 1542 provides:**

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,**

**which if known by him or her must have materially affected his or her**

**settlement with the debtor.**

(c)     Each and every term of this Section 8.1 shall be binding upon, and inure to the benefit of Plaintiffs (as defined in this section) and the Released Parties.

8.2.    <u>Release Regarding Settlement Class Members and Released Parties</u>.

(a) Upon Final Approval, the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion from the Settlement Class) shall release and forever discharge the Released Parties from and shall be forever barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect,  or otherwise, whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation and that relate to enrollment in or monies paid as a result of membership in the Entertainment Rewards program;

(b)     With respect to the released claims set forth in Section 8.2(a), each Settlement Class Member shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law).  **Section 1542 provides:**

**A general release does not extend to claims which the creditor does not know**

**or suspect to exist in his or her favor at the time of executing the release,**

**which if known by him or her must have materially affected his or her**

**settlement with the debtor.**

(c)     Each and every term of this Section 8.2 shall be binding upon the

Settlement Class Members and any of their predecessors, successors, assigns, personal

representatives, attorneys and members of their families, and inure to the benefit of the Released

Parties.

(d)     The Parties shall be deemed to have agreed that the release set

forth herein will be and may be raised as a complete defense to and will preclude any action or

proceeding based on the released claims.

8.3.     <u>Effectuation of Settlement</u>.  None of the above releases includes releases

of claims to enforce the terms of the settlement provided for in this Agreement.

8.4.     <u>No Admission of Liability.</u> This Agreement reflects, among other things,

the compromise and settlement of disputed claims among the Parties hereto, and neither this

Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to

carry out this Agreement are intended to be, nor may they be deemed or construed to be, an

admission or concession of liability, or the validity of any claim, or defense, or of any point of

fact or law (including but not limited to matters respecting class certification) on the part of any

Party.  Defendants expressly deny the allegations of the complaints in the Litigation.  Neither

this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement

negotiations, nor any related document, shall be used as an admission of any fault or omission by

the Released Parties, or be offered or received in evidence as an admission, concession,

presumption, or inference of any wrongdoing by the Released Parties in any proceeding, other

than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

## IX.    ADDITIONAL PROVISIONS

9.1.    <u>Best Efforts</u>.  The Parties' counsel shall use their best efforts to cause the Court to grant Preliminary Approval of this Agreement and settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, and to obtain Final Approval of this Agreement.

9.2.    <u>Change of Time Periods</u>.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendants' Counsel, without notice to Settlement Class Members.

9.3.    <u>Time for Compliance</u>.  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

9.4.    <u>Governing Law</u>.  This Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

9.5.    <u>Entire Agreement</u>.  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Agreement constitute the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving the interpretation of this

Agreement.  Any amendment or modification of the Agreement must be in writing signed by Plaintiffs, Plaintiffs' Counsel, and Defendants.

      9.6.   <u>Advice of Counsel</u>.  The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  The presumption found in California Civil Code section 1654 that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

      9.7.   <u>Binding Agreement</u>.  This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Parties.

      9.8.   <u>No Waiver</u>.  The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

      9.9.   <u>Requirement of Execution</u>. This Agreement shall be valid and binding as to the Settlement Class and Defendants upon (1) signature by each of the Class Representatives, (2) signature by an authorized representative of each of the Defendants, and (3) signature as to form by an authorized representative of each of the law firms defined as Plaintiffs' Counsel and Defendants' Counsel.  Signatures of Plaintiffs other than Class Representatives are not required to make the Agreement valid and binding on the Settlement Class and Defendants.

      9.10.   <u>Plaintiffs' Membership In Settlement Class</u>.  Each Plaintiff who executes this Agreement agrees not to request to opt out or otherwise be excluded from the Settlement Class and further agrees that any such request shall be void and of no force or effect.  Any Plaintiff who does not execute this Agreement shall have the same rights to opt opt or be excluded as any other Settlement Class Member.

9.11.   Media. The Parties shall cooperate and work together toward an agreed protocol and mutually acceptable language or messaging in making any press releases or other proactive statements to the media regarding the settlement.  No Party or counsel for a Party shall issue a press release or other proactive statement to the media regarding the settlement unless pre-approved by all Parties.  In responding to any press inquiries regarding the settlement, the Parties and their counsel will use their best efforts to provide responses consistent with the agreed-upon language in this Agreement.

9.12.   Execution in Counterparts.  This Agreement shall become effective upon its execution by all of the undersigned.  The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

9.13.   Extensions of Time.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

9.14.   Enforcement of this Agreement.  The Court shall retain jurisdiction to enforce, interpret, and implement this Agreement.

9.15.   Notices.  All notices to the Parties or counsel required by this Agreement, shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiffs or Plaintiffs' Counsel:

| | | |
|---|---|---|
| Adam Gutride, Esq. | | Jeffrey K. Berns, Esq. |
| Seth Safier, Esq. | | Lee A. Weiss, Esq. |
| Gutride Safier LLP | | Berns Weiss LLP |
| 835 Douglass Street | -and- | 20700 Ventura Blvd., Suite 140 |
| San Francisco, CA  94114 | | Woodland Hills, CA 91364 |
| Telephone:  (415) 271-6469 | | Telephone:  (818) 961-2000 |
| Fax:  (415) 449-6469 | | Fax:  (818) 999-1500 |
| Email:  adam@gutridesafier.com, | | Email:  jberns@law111.com, |

seth@gutridesafier.com                    lweiss@law111.com

If to Defendants or Defendants' Counsel:

Robert Platt, Esq.
Chad Hummel, Esq.
Donald Brown, Esq.
Sirena Castillo, Esq.
Manatt Phelps & Phillips LLP
11355 West Olympic Blvd.
Los Angeles, CA  90064
Telephone: (310) 312-4000
Fax: 310-312-4224
Email : rplatt@manatt.com, chummel@manatt.com,
dbrown@manatt.com, scastillo@manatt.com

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the first date it has been executed by all of the undersigned.