1

2

3

4

5

6

7

8   UNITED STATES DISTRICT COURT

9   CENTRAL DISTRICT OF CALIFORNIA

10

11

| 12 | JOHN MANCINI, et al., | Case Nos.  CV 07-01459 DSF |
| 13 | Plaintiffs, | CV 08-07509 DSF |
| 14 | vs. | ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |
| 15 | TICKETMASTER, et al., | |
| 16 | Defendants. | |
| 17 | | |
| 18 | CRAIG AND JULIE JOHNSON, | |
| 19 | Plaintiffs, | |
| 20 | vs. | |
| 21 | TICKETMASTER, et al., | |
| 22 | Defendants. | |
| 23 | | |

24

25

26

27

28

1    Plaintiffs Julie Johnson and Taylor Myers ("Class Representatives")

2  have moved the Court for final approval of a proposed class action settlement (the

3  "Settlement"), the terms and conditions of which are set forth in the Class Action

4  Settlement Agreement filed with the Court on Feb. 5, 2013 (Mancini Dkt. # 486;

5  Johnson Dkt. # 109), as amended by an Amendment dated May 1, 2013, filed with

6  the Court on May 6, 2013 (Mancini Dkt. # 490; Johnson Dkt. # 113) (the

7  "Settlement Agreement").

8    Having considered all matters submitted to it at the hearing on the

9  motion and otherwise, including the complete record of this action, and good cause

10  appearing therefor, the Court finds and concludes as follows:

11    1.    The capitalized terms used in this Final Approval Order and

12  Judgment shall have the same meaning as defined in the Settlement Agreement

13  except as may otherwise be provided herein.

14    2.    The Court has jurisdiction over this Litigation and over all

15  claims raised therein and all Parties thereto.

16    3.    The Court finds that the prerequisites of Federal Rule of Civil

17  Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement

18  Class for settlement purposes because: Settlement Class Members are ascertainable

19  and are so numerous that joinder of all of them is impracticable; there are questions

20  of law and fact common to the Settlement Class; the claims of the Class

21  Representatives are typical of the claims of the Settlement Class they represent; the

22  Class Representatives have fairly and adequately protected the interests of the

23  Settlement Class with regard to the claims of the Settlement Class they represent;

24  the common questions of law and fact predominate over questions affecting only

25  individual Settlement Class Members, rendering the Settlement Class sufficiently

26  cohesive to warrant settlement on a class-wide basis; and settlement on a class-wide

27  basis is superior to individual litigation and/or settlement as means toward the fair

28  and efficient resolution of this matter.

4.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court finally certifies the following Settlement Class: All persons (except for Excluded Persons) who (1) made a purchase on the Ticketmaster.com website between September 27, 2004 and June 9, 2009, using a U.S. billing address, (2) thereupon became enrolled in the "Entertainment Rewards" discount coupon program via a process that included Ticketmaster's transfer of their credit or debit card information to Entertainment Publications, Inc., (3) were subsequently charged for their membership in the Entertainment Rewards program, (4) did not receive a full refund of amounts charged, and (5) as of the date of Preliminary Approval, have not printed any coupon or applied for any cash-back award in connection with the Entertainment Rewards program.  Excluded Persons means (1) the Honorable Judge Dale Fischer and any member of her immediate family; (2) Antonio Piazza and any member of his immediate family; (3) any government entity; (4) any of the Released Parties; and (5) all persons listed in Exhibit A hereto, all of whom who have timely opted out of the Settlement Class.

5.      For the purpose of the Settlement, the Court certifies Plaintiffs Julie Johnson and Taylor Myers as Class Representatives, and Gutride Safier LLP and Berns Weiss LLP as Class Counsel.

6.      The Parties complied in all material respects with the Notice Plan set forth in the Settlement Agreement.  The Court finds that the Notice Plan set forth in Part IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the nature and pendency of the Litigation; the existence and terms of the Settlement Agreement; the Settlement Class Members' rights to make claims, opt out, or object; and the matters to be decided at the hearing on Final Approval.  Further, the Notice Plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  Defendants provided notice of the

2

Settlement to the appropriate state and federal government officials and filed with
the Court proof of compliance with the Class Action Fairness Act of 2005, 28
U.S.C. § 1715.

7.     The Court has determined that full opportunity has been given to
the Settlement Class Members to opt out of the Settlement, object to the terms of
the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses
and incentive awards to Plaintiffs, and otherwise participate in the hearing on Final
Approval held on July 29, 2013.  No objections were received from Settlement
Class Members.

8.     The Court finds that the Settlement is in all respects fair,
reasonable, and adequate.  The Court therefore finally approves the Settlement for
the reasons set forth in the motion for Final Approval including, but not limited to,
the fact that the Settlement Agreement was the product of informed, arm's-length
negotiations between competent, able counsel and conducted with the oversight and
involvement of an independent, well-respected, and experienced mediator; the
record was sufficiently developed and complete through meaningful discovery and
motion practice to have enabled counsel for the Parties to adequately evaluate and
consider the strengths and weaknesses of their clients' respective positions; the
Litigation involved vigorously disputed claims, underscoring the uncertainty of the
outcome in this matter and the risks of continued litigation; the Settlement provides
meaningful relief and monetary benefits for the Settlement Class Members; and the
Parties were represented by qualified counsel who adequately represented their
respective clients' interests.

9.     The Settlement is in the best interests of the Settlement Class
taking into account the extent of the relief obtained in relation to the risks faced by
the Settlement Class Members in continuing to litigate their claims.  The relief
provided under the Settlement Agreement is appropriate as to the individual
members of the Settlement Class and to the Settlement Class as a whole.  All

statutory and constitutional requirements necessary to effectuate the Settlement have been met and satisfied.  The Parties shall effectuate the Settlement Agreement in accordance with its terms.

10.    By operation of this Final Approval Order and Judgment, Plaintiffs (including their predecessors, successors, assigns, personal representatives, attorneys, and members of their families) on the one hand, and the Released Parties on the other hand, shall have unconditionally, completely, and irrevocably released and forever discharged each other from and shall be forever barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect or otherwise, and whether known or unknown, that actually were, or could have been, asserted in the Litigation or that relate in any manner to the Released Parties' products, services or business affairs, based upon or arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise.

11.    By operation of this Final Approval Order and Judgment, the Settlement Class Members shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, rights, demands, actions, causes of action, controversies, suits, debts, damages, liens, contracts, liabilities, agreements, costs, expenses, attorneys' fees or losses of any kind whatsoever, whether known or unknown, based on or arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that were, or could have been, asserted in the Litigation and that relate to enrollment in or monies paid as a result of membership in the Entertainment Rewards program.

12.    "Released Parties" means each of the Defendants and their respective present and former subsidiaries, parents, affiliates, divisions, officers, directors, members, managers, share-holders, insurers, employees, agents, legal representatives, heirs, predecessors, successors, or assigns.

13.    Plaintiffs and the Settlement Class Members shall, by operation of this Final Approval Order and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code § 1542, and any similar law of any state or territory of the United States or principle of common law. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

14.    Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

15.    No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever to any other Party.  Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used in any proceeding in any court, administrative agency, or other tribunal as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Plaintiffs' Counsel, or of any wrongdoing or liability of the persons or entities released under the Settlement Agreement, or (b) is or may be deemed to be or may be used in any proceeding in any court, administrative

1    agency, or other tribunal as an admission of, or evidence of, any fault or omission

2    of any of the persons or entities released under the Settlement Agreement.

3    Defendants' agreement not to oppose the entry of this Final Approval Order and

4    Judgment shall not be construed as an admission or concession by Defendants that

5    class certification was or would be appropriate in the Litigation or would be

6    appropriate in any other action.

7            16.    For the reasons stated in the Court's separate order on Class

8    Counsel's application for an award of attorneys' fees, costs, and expenses and

9    incentive awards to Plaintiffs, and in accordance with the terms of the Settlement

10   Agreement, the following amounts shall be paid by Defendants:

11                    a    Fees and expenses to Class Counsel: $4,000,000

12                    b    Incentive awards:

13                            i.    Taylor Myers $5,000

14                            ii.   Julie Johnson $5,000

15           17.    Except as provided in this Order, Plaintiffs shall take nothing

16   against Defendants by their Complaint, and final judgment shall be entered thereon,

17   as set forth in this Order.

18           18.    Without affecting the finality of the judgment entered, the Court

19   reserves jurisdiction over the implementation of the Settlement Agreement.

20           19.    Without further order of the Court, the Parties may agree to

21   reasonable extensions of time to carry out any provisions of the Settlement

22   Agreement.

23           20.    There is no just reason for delay in the entry of this Judgment,

24   and immediate entry by the Clerk of the Court is expressly directed pursuant to

25

26

27

28

21.    Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

August 2, 2103

_____

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

307849243.1